928 F.2d 411
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
National Treasury Employees Union Charles JONES, Petitioner,
v.
INTERNAL REVENUE SERVICE, Respondent.
 No. 90-3325.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1991.
 
 AFFIRMED.
 Before RICH, ARCHER and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Charles Jones (Jones) appeals from the December 28, 1989 decision of the arbitrator in Case Number NB 853, wherein the arbitrator concluded that Jones had been removed from his position with the Internal Revenue Service (the Service) for such cause as would promote the efficiency of the Service. We affirm.
 
 OPINION
 
 2
 The Service argues that this court is without appellate jurisdiction because Jones' petition for review of the arbitrator's decision was not filed within the 30-day period set forth in 5 USC 7703(b)(1).[1] On the record before us, it is not clear whether Jones' petition is in fact time-barred. Therefore, we address the merits of the petition.
 
 
 3
 Jones objects to the arbitrator's reliance on hearsay evidence in reaching his decision, and the fact that Jones was not able to call certain witnesses during the arbitration proceeding. In order to affirm the arbitrator's decision, we must find it supported by substantial evidence. 5 USC 7121(f), 7703(c). It is well established that hearsay evidence may be substantial evidence in an administrative proceeding if there are circumstances which give it credibility and probative value to a reasonable mind. Sanders v. United States Postal Service, 801 F.2d 1328, 1331 (Fed.Cir.1986) and cases cited therein. We find such circumstances present here. With respect to the witnesses, an arbitrator's lack of subpoena power is one of the inherent risks that a grievant accepts when he or she chooses to pursue arbitration instead of Merit Systems Protection Board review.
 
 
 4
 Our review of the arbitrator's decision is limited by statute. We may not overturn the decision unless it is arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. 5 USC 7121(f), 7703(c). We find that the arbitrator thoroughly addressed (1) the evidentiary factors set forth in Metz v. Dep't of the Treasury, 780 F.2d 1001, 1002 (Fed.Cir.1986), for determining whether an actual threat had been made; (2) the requirement of nexus between Jones' off-duty conduct and the efficiency of the Service, see Merritt v. Dep't of Justice, 6 MSPR 585, 605 (1981); and (3) the penalty appropriateness factors set forth in Douglas v. Veterans Admin., 5 MSPR 280, 305-06 (1981). We see no grounds under 5 USC 7703(c) for disturbing the arbitrator's decision, and accordingly affirm.
 
 
 
 [1]
 Section 7703(b)(1) of Title 5 provides that petitions for review of a final decision or order of the Merit Systems Protection Board (Board) must be filed within 30 days after the date the petitioner received notice of the final order or decision
 Section 7121(f) of Title 5 provides that in matters including removals which are raised under negotiated grievance procedures, section 7703 "shall apply to the award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the Board."